# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| THOMAS C. WILLIAMS, | : | Case No. 1:22-cv-255 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| WARREN COUNTY JAIL, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at Summit Behavioral Healthcare,[1] has filed a *pro se* civil rights complaint against the Warren County Jail. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. §1915(e)(2)(B).

---

[1] Review of the Warren County, Ohio, Court of Common Pleas online docket indicates that plaintiff is facing criminal charges in Case No. 21-cr-38622. On January 26, 2022, the trial court issued an entry finding plaintiff incompetent to stand trial. Plaintiff was ordered committed to Summit Behavioral Healthcare on March 29, 2022. According to the court's online docket, a review hearing is set for June 23, 2022. Viewed at: http://clerkofcourt.co.warren.oh.us/BenchmarkCP/Home.aspx/Search. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

## Screening of Complaint

### A.  Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however,

the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Plaintiff's Complaint**

Plaintiff alleges that he was arrested on October 20th. He further alleges that he was declared incompetent on January 25th and sent to Summit Behavioral Healthcare on March 1st. (Doc. 1-1, at PageID 13). The remainder of his complaint appears to contain a listing of challenges to his underlying arrest and criminal proceedings.

Plaintiff alleges that his "bail was set at 15,000 on non violent charges," he is not an Ohio resident, his "state supports [his] right to registration and freedom without restriction," his car was "towed with a 'Unit 107' Government Tag in Washington DC on file," his "new tag was in the hands of Daton [sic] enforcement waiting delivery," and "State Trooper asked about Daton [sic] police" and "s[aid] that 'I s[aid] Government Tag is on the way.'" Plaintiff also asserts that he is on medical leave. (Doc. 1-1, at PageID 13).

For relief, plaintiff seeks $3 million in damages and various forms of injunctive relief, including that the Warren County Jail and Summit Behavioral Healthcare be shut down, that "all people be given an[kle] monitors," and that he be allowed to confer with Joe Biden and legal staff. (Doc. 1-1, at PageID 14).

**C.    Analysis**

For the reasons that follow, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

The Warren County Jail, the sole named defendant in this action, is not an entity capable of being sued. *See Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (per curiam); *Howell v. Hamilton Cty. Justice Ctr.*, No. 1:15cv303, 2015 WL 2406082, at *3 (S.D. Ohio May 20, 2015) (Report and Recommendation) (finding county jail is not a "person" that can be sued under § 1983), *adopted*, 2015 WL 3852912 (S.D. Ohio June 22, 2015). Even liberally construing the complaint, *see Erickson*, 551 U.S. at 94, as against Warren County itself, plaintiff does not allege that his constitutional rights were violated pursuant to a county policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Accordingly, plaintiff's claims against the Warren County Jail should be dismissed.

Moreover, plaintiff's allegations are too vague and conclusory to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim for relief. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56. Given their conclusory nature, plaintiff's allegations fail to state a claim upon which relief may be granted.

Finally, to the extent that plaintiff is challenging his underlying criminal proceedings or his pre-trial detention, his sole federal remedy is a writ of habeas corpus, after he has exhausted his available state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). *C.f., Williams v. Kentucky*, No. 5:20-cv-450-GFVT, 2020 WL 7249033, at *2 (E.D. Ky. Dec. 9, 2020) ("To the extent that [the plaintiff] complains about the ongoing criminal prosecution against him . . . the relief he seeks is available only through habeas corpus.").[2]

Accordingly, plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The dismissal should be with prejudice with the caveat that the dismissal may not be construed as precluding plaintiff from filing a habeas petition to the extent appropriate under

---

[2]It is also well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by the considerations of comity recognized in *Preiser*, which the *Younger* Court defined as "a proper respect for state functions." *See id* at 44; *Preiser*, 411 U.S. at 491; *see also Atkins v. Michigan,* 644 F.2d 543, 546 (6th Cir. 1981). Therefore, although a pretrial detainee may seek federal habeas relief under 28 U.S.C. § 2241, intrusion by way of such a petition into state court proceedings already underway is warranted only in extraordinary circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Atkins,* 644 F.2d at 546-47. Furthermore, as noted above and in accordance with *Preiser*, 411 U.S. at 489-90, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the state prisoner must exhaust all available state court remedies before seeking federal habeas relief. *See, e.g., Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546.

the circumstances.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B), with the caveat that the dismissal may not be construed as precluding plaintiff from filing a habeas petition to the extent appropriate under the circumstances.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

June 23, 2022  *s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| THOMAS C. WILLIAMS, | : Case No. 1:22-cv-255 |
| Plaintiff, | : |
| vs. | : District Judge Michael R. Barrett |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| WARREN COUNTY JAIL, | : |
| Defendant. | : |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).